UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| BILL STANLEY, *Administrator of the Estate of Brandon Stanley*, | ) ) ) |
| Plaintiff, | ) ) No. 6:16-CV-264-REW-HAI |
| v. | ) ) |
| | ) OPINION AND ORDER |
| BOBBY JOE SMITH, *individually and in his official capacity*, | ) ) ) |
| Defendant. | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Smith moves to exclude proof in this constitutional tort case, based on Plaintiff's ubertardy disclosure of an expert damage witness on claimed estate loss. The matter is briefed. The Court **GRANTS** the motion. Stanley does not justify the admitted failure to disclose, and the failure to disclose is not a harmless one. The mandatory preclusive remedy thus properly applies.

**A. Background**

This case has been on the docket for over three years. Judge Bunning, with full party input, set a schedule for the litigation. *See* DE 29. That schedule—built on contested issues as to liability and damages, *see* DE 28 (joint party identification of topics at issue)—included a specific expert disclosure deadline under Rule 26. Ultimately, the undersigned got the case by transfer. The parties sought slight modification to the expert deadline. The Court accommodated, grew slightly weary of later requested tweaks, and signaled the unlikeliness of further play in the schedule. *See* DE 57 (scheduling admonition). At no point did the Court segregate liability and damage proof, and nothing in the record suggests a reason for any party to think otherwise. Indeed, Stanley listed trial

1

witnesses, in a discovery response from early 2019, to include a particular damage witness. *See* DE 119-5 ¶ 14. Plaintiff responded. DE 123.

The parties hotly litigated summary judgment, and the Court ultimately issued dispositive motion rulings. With trial in the offing, Plaintiff attempted a late identification of a damages expert—late meaning roughly 15 months after the actual deadline. The defense rightly objected. DE 119 (Motion).

### B. Rule 37(c) Standards

The Rules and court scheduling orders structure mandatory Rule 26 disclosures to avoid surprise and to assure fair and measured litigation. *See, e.g.*, *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007) ("Rule 26(a) generally serves to allow both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case."). A party failing to meet the disclosure duties acts at its peril as to nondisclosed matters. The standards are clear. A tardy disclosure—for, as here, expert testimony—is subject to required proof exclusion unless the defaulting party substantially justifies the failure or the failure causes no harm. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

The cases properly implement the Rule 37 mandate. *See, e.g.*, *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010) (observing that the Rule 37(c) exclusion "test is very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless") (quotation marks and citation omitted); *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004)

("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless."); *accord Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). A "harmless" nondisclosure "involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Vance ex rel. Hammons v. United States*, 182 F.3d 920 (6th Cir. 1999). "Further, the phrase 'substantially justified' has been 'generally interpreted to mean justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Consumer Fin. Prot. Bureau v. Borders & Borders, PLC*, No. 3:13-CV-1047-CRS, 2016 WL 9460472, at *5 (W.D. Ky. June 29, 2016) (quoting *Thomas v. McDowell*, No. 2:10-CV-152, 2014 WL 5305501, at *2 (S.D. Ohio Oct. 15, 2014) (citation omitted)). The nondisclosing party has the burden on these questions. *See Roberts*, 325 F.3d at 782.

In evaluating whether a nondisclosure (or failure to supplement) is justified or harmless, in the Rule 37 context, the Court collectively considers:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (adopting and applying four-factor test). The Court, ultimately, has broad discretion in weighing the factors and fashioning an appropriate remedy per the Rule. *See Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000) ("District courts have broad discretion to exclude untimely disclosed expert-witness testimony."); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 681 (6th Cir. 2011) (same); *Borders & Borders*, 2016 WL 9460472,

at *5 (collecting cases).[1] This Court has dealt with the topic many times. *See, e.g.*, *EQT Prod. Co. v. Magnum Hunter Prod., Inc.*, No. 5:16-cv-150-JMH-REW, at DE 61; *Acuity Brands Lighting, Inc., et al. v. Shane Bickley, et al.*, No. 5:13-cv-366-DLB-REW, at DE 191.

### C. Discussion

Counsel for Plaintiff admits the failure to disclose, claiming honest oversight. Without doubting counsel's candor, the Court still finds no substantial justification for the lapse. A good faith nondisclosure is still nondisclosure. Plaintiff had input in the scheduling process and expressly identified damages as a contested area. *See* DE 28 ¶ 2(a). Plaintiff later (and after many months under the schedule) twice (once unilaterally) sought expert disclosure relief, which the Court granted. *See* DE 48 (Motion), 56 (Joint Motion). Those requests did not cleave the damage and liability topics. At no point in this case's extended discovery timeline did Plaintiff suggest or request segregation of liability and damage proof. Indeed, even after the Court cleared the deck of dispositive and other motions and set the case on track for trial, Plaintiff did not seek leave for a new disclosure deadline or raise the issue of a damage expert with the Court. Instead, Plaintiff simply served a damage disclosure (an incomplete one, at that) wildly outside the permitted schedule.

The failure to disclose is wholly unjustified, under the circumstances. Arguing that the defense should have anticipated a damages expert (a) is unpersuasive opponent-blaming and (b) says nothing about the fairness of withholding almost to the doorstep of trial the exact opinions of an otherwise phantom witness. The record does not support that Defendant had any knowledge, or should have had any knowledge, about this surprise witness bearing novel damages calculations;

---

[1] The cases and Rule, despite the preclusive mandate, afford the Court discretion as to the nature of the sanction imposed for any disclosure/supplementation duty violation. *See* Fed. R. Civ. P. 37(c)(1)(A)–(C).

the parties contemplated damages as a discovery topic from case outset (*see* DE 28), yet Plaintiff let the expert deadline (inclusive of all extensions) expire before even mentioning this proof. Stanley initiated the case and has consumed significant Court and party resources over a more than three-year period. Plaintiff was well aware of the deadline requirements—having sought to alter them at multiple points—and had a duty to comply with the ordered litigation framework. Nothing warrants the stark disclosure default that occurred here.

The nondisclosure also is a harmful one, given case posture. The case now is within sixty days of trial. Allowing the disclosure would prompt the defense to rightly secure discovery and a counter-expert. Those steps would distract from trial prep, lead to party expense, and imperil the current trial schedule. *See Karum Holdings LLC v. Lowe's Companies, Inc.*, 895 F.3d 944, 952 (7th Cir. 2018) ("[F]ormal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial."). As both sides indicate, Plaintiff can, without an expert, put on proof of the decedent's earning power and record. This seemed to be the precise plan in January 2019, when Plaintiff listed likely trial witnesses. Permitting Plaintiff disclosure relief here would empty the meaning of Court deadlines. On the merits of the argument and the Rule, and in its discretion, the Court is unwilling to abide that result in this case.

### D. Conclusion

Finding no reason to excuse the nondisclosure, and finding the nondisclosure harmful, the Court **GRANTS** DE 119 and applies the mandated preclusion of Rule 37(c). As to the proof

concerned, Plaintiff "is not allowed to use that information or witness to supply evidence . . . at [] trial." Fed. R. Civ. P. 37(c)(1).[2]

This the 27th day of January, 2020.

Signed By:
Robert E. Wier  REW
United States District Judge

---

[2] The Court considered, and rejected, imposing an alternative sanction under Rule 37(c)(1). Given the scope and length of this case, the numerous opportunities that Plaintiff had to timely disclose the damages expert, trial proximity, the delay that would result from injection of an entirely new expert, and the fact that expert exclusion does not dispose of Plaintiff's case, the Court perceives exclusion as a fitting remedy.